IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARK FORD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )    No. 17-1215-JDT-egb |
| | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
|     Defendant. | ) |

ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
*IN FORMA PAUPERIS* AFFIDAVIT AND AN AMENDED COMPLAINT

On November 17, 2017, Plaintiff Mark Ford, a resident of Lexington, Tennessee, filed a *pro se* complaint on the form used for commencing an action pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 1-2.) The complaint is accompanied by an application to proceed *in forma pauperis*. (ECF No. 2.)

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise," to pay the filing fee prescribed by 28 U.S.C. § 1914(a).[1] To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of the fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma*

---

[1] Section 1914(a) requires a civil filing fee of $350. The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply if the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

*pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. *See, e.g.*, *Reynolds v. Fed. Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002).

In this case, Plaintiff has submitted only the two-page *in forma pauperis* affidavit form used by plaintiffs who are prisoners. However, Plaintiff is not incarcerated; therefore, the Court will require him to submit the longer, five-page form used by non-prisoners seeking pauper status. Accordingly, Plaintiff is ORDERED to submit a non-prisoner *in forma pauperis* affidavit within thirty (30) days after the date of this order. The Clerk is directed to mail Plaintiff a copy of the non-prisoner affidavit form along with this order.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no bligation to act as counsel or paralegal to *pro se* litigants.").

In this case, Plaintiff's form complaint names the State of Tennessee as the Defendant. (ECF No. 1.) However, page two of the complaint form is missing. It is that page of the form on which the factual allegations should be set out and the specific claims asserted. Without page two, the complaint consists only of the case caption and a demand for relief that seeks to "vacate judgment, and be awarded $500,000." (*Id.* at 3). Thus, Plaintiff's document is presently inadequate to state any claim on which relief may be granted. Therefore, Plaintiff also is ORDERED to file an amended/corrected complaint within thirty (30) days after the date of this order. The text of the amended complaint must set forth the specific causes of action that are asserted and allege sufficient facts to support each of those claims.[2]

If Plaintiff fails to file either a non-prisoner *in forma pauperis* affidavit or an amended complaint in a timely manner, the Court will dismiss the action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff is further ORDERED to notify the Court immediately, in writing, of any change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the original complaint, scanned into the Electronic Filing System, is difficult to read because the ink used to fill out the form is not very dark. When he files his amended complaint, Plaintiff should ensure the document is readable once it is scanned into the system.