# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK FORD, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) ) | No. 17-1215-JDT-egb |
| STATE OF TENNESSEE, ET AL., | ) ) ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 17, 2017, Plaintiff Mark Ford, a resident of Lexington, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint named only the State of Tennessee as the Defendant and was filed on the form used for commencing an action under 42 U.S.C. § 1983. (ECF No. 1.) On November 20, 2017, the Court issued an order directing Plaintiff to either file the appropriate *in forma pauperis* affidavit or pay the entire civil filing fee. (ECF No. 6 at 1-2.) The portion of the complaint form that should have set out Plaintiff's factual allegations and claims was missing; therefore, the Court also found the complaint failed to state a claim on which relief may be granted and ordered Plaintiff to file an amended complaint. (*Id.* at 3.) Plaintiff filed both the correct *in forma pauperis* affidavit and an amended complaint on December 15, 2017. (ECF Nos. 7 & 8.) On January 9, 2018, U.S. Magistrate Judge Edward G. Bryant granted leave to proceed *in forma pauperis*. (ECF No. 9.)

The Clerk shall record the Defendants as the State of Tennessee; Christy Little, General Sessions and Juvenile Court Judge for Madison County, Tennessee; and Terica Smith and Dean Barry, attorneys.[1]

Magistrate Judge Bryant issued a Report and Recommendation (R&R) on October 3, 2018, in which he recommended the amended complaint be dismissed *sua sponte* for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10.) Objections to the R&R were due on or before October 22, 2018. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d). However, Plaintiff has filed no objections.

Plaintiff alleges that he was arrested because of his inability to pay child support and that his driver's license was suspended as a result. He contends the arrest was without probable cause because it amounted to imprisonment for debt, which is not a crime. Plaintiff further alleges that the suspension of his driver's license violated his right to equal protection of the law because the custodial parent's license was not also suspended. He contends that the child support payments provide the custodial parent with tax-free income and forces him into poverty. (ECF No. 8 at 4.) Plaintiff seeks to have the child support judgment vacated; reimbursement of the monies he paid to get his license reinstated, for child support previously paid, and for the bail he was required to post for his release; compensatory damages for the time he spent in jail; and punitive damages. (*Id.* at 5.)

In the R&R, Magistrate Judge Bryant found that all of Plaintiff's claims are subject to dismissal. First, he determined that Plaintiff cannot sue the State of Tennessee under 42 U.S.C.

---

[1] Plaintiff has spelled Dean Barry's last name as "Berry" and Terica Smith's first name as "Terrica." (ECF No. 8 at 3.) However, Plaintiff's complaint concerns his arrest for failure to pay child support, and both Terica Smith and Dean Barry are Assistant District Attorneys in the Child Support Division for the Twenty-Sixth Judicial District of Tennessee.

2

§ 1983 because a state is not a person within the meaning of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).[2] The Magistrate Judge also determined that Plaintiff's claims against Christy Little were barred by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Finally, he found that Plaintiff's claims, which appear to have accrued, at the latest, in February 2014,[3] are barred by the one-year statute of limitations, Tennessee Code Annotated § 28-3-104(a).

The Court finds no error in Magistrate Judge Bryant's conclusions.[4] The R&R is ADOPTED, and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full

---

[2] In addition, the State of Tennessee is immune from suit under the Eleventh Amendment to the United States Constitution unless that immunity is specifically waived. *See Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102.

[3] A question on the form complaint asks, "What date and approximate time did the events giving rise to your claim(s) occur?" Plaintiff merely wrote "7-31-2012," "02-09-2012," "05-26-2012" and "02-20-2014." (*Id.* at 4.) The factual portion of the complaint provides no additional information about the date of any specific event.

[4] The Court also notes that Plaintiff did not actually set forth any specific factual allegations of wrongdoing by Defendants Little, Smith or Barry. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

$505 appellate filing fee to the District Court Clerk or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE